******************************************

The "officially released" date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the "officially released"
date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.
******************************************

U.S. BANK TRUST, N.A., TRUSTEE *v.*
LESLEY DALLAS ET AL.
(AC 45003)

Moll, Cradle and Eveleigh, Js.

*Syllabus*

The plaintiff sought to foreclose a mortgage on certain real property owned
by the named defendant, D. D filed special defenses, asserting, inter
alia, that the plaintiff engaged in residential mortgage fraud and fraud
in the inducement. The trial court granted the plaintiff's motion for
summary judgment as to liability against D, determining that the plaintiff
had established a prima facie case as to liability and that D failed to
submit any evidence to support her special defenses. Thereafter, the
trial court rendered a judgment of strict foreclosure in favor of the
plaintiff, from which D appealed to this court. *Held* that the trial court
properly granted the plaintiff's motion for summary judgment; because
the trial court aptly addressed the arguments raised in this appeal in
its memorandum of decision, this court adopted the trial court's thor-
ough and well reasoned decision as a proper statement of the facts and
the applicable law on the issues.

Argued May 11—officially released June 28, 2022

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty owned by the named defendant, and for other relief,
brought to the Superior Court in the judicial district of
Litchfield, where the court, *J. Moore, J.*, granted the
plaintiff's motion for summary judgment as to liability
against the named defendant and rendered judgment
of strict foreclosure, from which the named defendant
appealed to this court. *Affirmed.*

*Gary L. Seymour*, for the appellant (named defen-
dant).

*Frank B. Velardi, Jr.*, for the appellee (plaintiff).

*Opinion*

EVELEIGH, J. The defendant Lesley Dallas[1] appeals following the judgment of strict foreclosure rendered against her in favor of the plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in this residential mortgage foreclosure action. On appeal, the defendant claims that the court improperly granted the plaintiff's motion for summary judgment as to liability only because it erred in determining that there were no genuine issues of material fact as to the defendant's special defenses of residential mortgage fraud and fraud in the inducement. We affirm the judgment of the trial court.

The following facts and procedural history are revealed by the record. On November 2, 2005, the defendant executed a promissory note in the amount of $650,000 payable to the order of Chase Bank USA, N.A., and secured by a mortgage on the property located at 1 Skiff Mountain Road in Sharon. The mortgage and the note eventually were assigned to the plaintiff before it commenced this action.

On February 11, 2016, the plaintiff commenced the present foreclosure action by way of a complaint alleging that the mortgage and promissory note executed by the defendant are now in default by virtue of her failure to pay the monthly installments of principal and interest due on January 1, 2009, and on the first day of each month thereafter. On October 25, 2017, the defendant filed her operative revised special defenses, which asserted, inter alia, that the plaintiff engaged in residential mortgage fraud (first special defense) and fraud in the inducement (fourth special defense).[2] Both of these special defenses generally allege that the plaintiff "forged, fabricated, and robo-signed" documents it knew were untrue and made false representations to the defendant during the mortgage process.

On June 10, 2019, the plaintiff filed a motion for summary judgment as to liability only against the defendant. In support of its motion, the plaintiff attached a series of documents evincing that it was the holder of the note and mortgage, that the defendant was in default, and that the defendant's special defenses were legally insufficient. On August 7, 2019, the defendant filed an objection and a memorandum of law in opposition to the plaintiff's motion in which she argued that her first and fourth special defenses precluded judgment in favor of the plaintiff. The defendant submitted only her own affidavit in support of her objection.

On May 24, 2021, the court, *J. Moore, J.*, after a hearing, issued an order and memorandum of decision granting the plaintiff's motion for summary judgment as to liability only. In its memorandum of decision, the court reviewed the plaintiff's claims, the defendant's special defenses, and the relevant legal authority, followed by

a thorough analysis of the legal issues presented. The court determined that the documents submitted by the plaintiff established a prima facie case as to liability and that there was nothing in the defendant's affidavit that negated or undermined the plaintiff's prima facie case. Ultimately, the court concluded that the defendant failed to submit any evidence to support her special defenses and, therefore, summary judgment was warranted as to the issue of liability. On September 13, 2021, the court rendered a judgment of strict foreclosure against her in favor of the plaintiff. This appeal followed.

On appeal, the defendant claims that the court improperly granted the plaintiff's motion for summary judgment as to liability only because it erred in determining that there were no genuine issues of material fact as to the defendant's special defenses of residential mortgage fraud and fraud in the inducement. On the basis of our examination of the record on appeal, and the briefs and arguments of the parties, we are persuaded that the judgment of the trial court should be affirmed. Because the court's memorandum of decision aptly addresses the arguments raised by the defendant, we adopt its thorough and well reasoned decision as a proper statement of the facts and applicable law on these issues. See *U.S. Bank Trust, N.A.* v. *Dallas*, Superior Court, judicial district of Litchfield, Docket No. CV-16-6013346-S (May 24, 2021) (reprinted at 213 Conn. App.     ,     A.3d     ). It would serve no useful purpose for us to repeat the discussion contained therein. See, e.g., *Ortiz* v. *Torres-Rodriguez*, 205 Conn. App. 129, 132, 255 A.3d 941, cert. denied, 337 Conn. 910, 253 A.3d 43 (2021); *Phadnis* v. *Great Expression Dental Centers of Connecticut, P.C.*, 170 Conn. App. 79, 81, 153 A.3d 687 (2017).

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] Additional defendants named in the action by virtue of an interest in the real property subject to the mortgage are Norbert E. Mitchell Co., Inc., by virtue of a judgment lien from 2009; Midland Funding, LLC, by virtue of a judgment lien from 2011; Beck & Beck, LLC, by virtue of a judgment lien from 2011; and The Connecticut Light & Power Company, by virtue of judgment liens from both 2011 and 2015. Because none of these parties is a participant in this appeal, we refer to Dallas as the defendant throughout this opinion.

[2] The defendant alleged thirteen special defenses in total. On May 1, 2018, the trial court granted the plaintiff's motion to strike with respect to all but the defendant's first and fourth special defenses.